IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHAMBLEE LIQUOR, LLC,

   Plaintiff,

     v.

SELECTIVE INSURANCE COMPANY
OF THE SOUTHEAST,

   Defendant.

CIVIL ACTION FILE
NO. 1:17-CV-2515-TWT

**OPINION AND ORDER**

This is an action seeking to recover on a commercial insurance policy. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 9]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 9] is GRANTED.

### I. Background

This case arises from an alleged burglary in June 2015. The Plaintiff Chamblee Liquor, LLC is a Georgia corporation with its principal place of business in Chamblee, Georgia.[1] The Defendant Selective Insurance Company of the Southeast is a North Carolina corporation with its principal place of business in Indiana.[2] The Defendant issued insurance policy number S

---

[1] Compl. ¶ 1 [Doc. 1-1].

[2] *Id.* ¶ 2.

211366601 (the "Insurance Policy"), a commercial insurance policy, to the Plaintiff, with an effective date between May 30, 2015 and May 30, 2016.[3] The Insurance Policy includes coverage for property loss.[4] The Plaintiff filed a claim alleging that it suffered a property loss event as a result of a burglary that occurred on or around June 21, 2015.[5] The Plaintiff claimed a loss of $175,540.00 resulting from this burglary.[6]

The Insurance Policy requires the insured party to comply with specific duties during a loss event.[7] The "Duties in the Event of Loss or Damage" provision of the policy provides that, in the event of loss or damage to the covered property, the insured must:

> (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
>
> (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
>
> Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
>
> (7) Send us a signed, sworn proof of loss containing the information

---

[3] Def.'s Statement of Material Facts ¶ 1; Ex. 1 at 13.

[4] Def.'s Statement of Material Facts ¶ 2.

[5] *Id.* ¶ 3.

[6] Compl. ¶ 17.

[7] Def.'s Statement of Material Facts ¶ 4.

we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.[8]

This section also provided that the Defendant may examine any insured party under oath about any matter relating to the Insurance Policy or insurance claim, including the insured's books and records.[9]

The Insurance Policy also limited the Plaintiff's ability to bring a legal action against the Defendant under the Insurance Policy, absent certain requirements being met.[10] This section, titled "Legal Action Against Us," provides that:

No one may bring a legal action against us under this insurance unless:

a. There has been full compliance with all of the terms of this insurance; and

b. The action is brought within two years after the date on which the direct physical loss or damage occurred.[11]

Pursuant to these requirements, the Defendant made multiple requests upon the Plaintiff for an inventory of damage and stolen property, including the

---

[8] *Id.*

[9] *See* Ex. 2 at 32 [Doc. 9-4].

[10] *Id.* ¶ 5.

[11] *Id.*

quantities, costs, values, and the amount of loss claimed.[12] The Defendant also asked for any other information supporting the Plaintiff's property damage claim.[13] These requests are evidenced by correspondence sent to the Plaintiff by the Defendant following the Plaintiff's insurance claim.[14]

On April 8, 2016, Satwant Singh Sewak, the CEO of the Plaintiff Chamblee Liquor, LLC, underwent an Examination Under Oath, pursuant to the terms of the Insurance Policy.[15] Before this examination, the Defendant requested various documents for Mr. Singh to produce for the examination, including proof of loss calculations, accounting documents, and more.[16] Mr. Singh failed to produce these documents at the examination, and promised that he would later produce them.[17] After the examination, the Defendant sent the Plaintiff a letter following up on these document requests.[18] Ultimately, the Plaintiff failed to ever produce these requested documents.[19]

On August 30, 2016, the Defendant sent the Plaintiff a letter formally

---

[12] *Id.* ¶ 6.

[13] *Id.*

[14] *Id.* ¶ 7.

[15] *Id.* ¶ 18.

[16] *Id.* ¶¶ 19-20.

[17] *Id.* ¶¶ 20-21; Ex. 2 at 43.

[18] Ex. 2 at 43-44.

[19] Def.'s Statement of Material Facts ¶¶ 22-23.

denying its insurance claim.[20] The Defendant stated that it denied the Plaintiff's claim due to the Plaintiff's failure to comply with the terms of the Insurance Policy.[21] Specifically, the Defendant noted that the Plaintiff failed to produce documents requested by the Defendant in support of the insurance claim, as required by the Insurance Policy.[22] On June 20, 2017, the Plaintiff filed this action in state court, alleging claims for Negligent Failure to Settle and Bad Faith. On July 5, 2017, the Defendant removed to this Court, and now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[23] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[24] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[25] The burden then shifts to the non-movant, who must go beyond the

---

[20] *See* Ex. 5 at 3.

[21] *Id.*

[22] *Id.*

[23] FED. R. CIV. P. 56(a).

[24] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[25] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

pleadings and present affirmative evidence to show that a genuine issue of material fact exists.[26] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[27]

### III. Discussion

The Plaintiff has filed no response to the Defendant's Motion for Summary Judgment. "Where 'the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party.'"[28] Consequently, summary judgment, "even when unopposed, can only be entered when 'appropriate.'"[29] A district court cannot enter summary judgment merely because a motion is unopposed, but instead must consider the merits of the motion.[30] Nonetheless, "[t]he district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials."[31] The Court, at the least, must "review all of the evidentiary materials submitted in support of the

---

[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[27] *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

[28] *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (quoting FED. R. CIV. P. 56(e)).

[29] *Id.*

[30] *Id.*

[31] *Id.*

motion for summary judgment."[32] Therefore, the Court will review the merits of the Defendant's Motion for Summary Judgment to ensure that there is an evidentiary basis for the entry of summary judgment.

The Plaintiff also failed to respond to a number of written discovery requests made by the Defendant, including Requests for Admissions. On October 12, 2017, the Defendant served written discovery upon the Plaintiff, including Interrogatories, a Request for Production, and Requests for Admissions.[33] The Plaintiff failed to respond to these discovery requests, which included thirty Requests for Admissions.[34] "Federal Rule of Civil Produce 36 expressly provides that requests for admissions are automatically deemed admitted if not answered within 30 days, and that the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment of the admissions."[35] This rule is "designed to expedite litigation, and it permits the party securing admissions to rely on their binding effect."[36] Therefore, each of these Requests for Admissions are deemed admitted, and the matters within them are considered conclusively established. With these concessions in mind,

---

[32] *Id.* at 1101-02.

[33] *See* Ex. 3.

[34] Def.'s Mot. for Summ. J., at 2.

[35] *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992) (internal quotations omitted).

[36] *Id.*

the Court now turns to the merits of the Defendant's Motion for Summary Judgment.

The Defendant contends that the Plaintiff is barred from recovery because it failed to comply with the provisions of the Insurance Policy before filing suit.[37] "An insurer is entitled to require its insured to abide by the policy terms, and the insured is required to cooperate with the insurer in investigation and resolution of the claim."[38] Where an insurance policy requires production of documents and the insured fails to comply with the terms, that failure constitutes a breach of contract absent some principle excusing that failure.[39] Conditions precedent must be met before the insured can enforce the insurance contract and recover against the insurer.[40] Here, the Insurance Policy requires the Plaintiff to "give [the Defendant] complete inventories of the damaged and undamaged property . . . [i]nclud[ing] quantities, costs, values and amount of loss claimed," "permit [the Defendant] to inspect the property proving the loss or damage and examine [the Plaintiff's] books and records," and "[s]end [the Defendant] a signed, sworn proof of loss containing the information [the

---

[37] Def.'s Mot. for Summ. J., at 14-18.

[38] *Diamonds & Denims, Inc. v. First of Ga. Ins. Co.*, 203 Ga. App. 681, 683 (1992).

[39] *Halcome v. Cincinnati Ins. Co.*, 254 Ga. 742, 744 (1985).

[40] *KHD Deutz of Am. Corp. v. Utica Mut. Ins. Co., Inc.*, 220 Ga. App. 194, 195 (1996).

Defendant] request[s] to investigate the claim."[41] The Insurance Policy further provides no legal action may be brought unless "[t]here has been full compliance with all of the terms of this insurance."[42] Providing requested documents is therefore a condition precedent to bringing suit under the Insurance Policy.

The Plaintiff, by failing to respond to the Defendant's Requests for Admissions, admits the following dispositive facts. The Plaintiff received multiple requests from the Defendant, over a period of several months, for document production related to the Plaintiff's insurance claim.[43] These requests asked the Plaintiff to produce a variety of documents, including inventory lists, executed proof of loss forms, inventory of stolen property, estimates, invoices, purchase orders, tax returns, and more.[44] The Plaintiff failed to produce these documents.[45] The Plaintiff also failed to produce documents requested in conjunction with the Examination Under Oath.[46] Although the Plaintiff did produce three of the documents requested, it failed to provide 28 other documents requested by the Defendant in relation to this examination.[47] Due to

---

[41] Def.'s Statement of Material Facts ¶ 4.

[42] *Id.* ¶ 5.

[43] *See* Ex. 2 at 13-17.

[44] *Id.*

[45] *Id.*

[46] *See* Ex. 5 at 2.

[47] *Id.*

the Plaintiff's failure to respond to the Defendant's discovery requests, these facts are conclusively established. The Plaintiff therefore failed to comply with the terms of the Insurance Policy and cannot recover. Consequently, the Defendant did not act negligently in failing to accept the Plaintiff's settlement offer, and did not act in bad faith in refusing the Plaintiff's insurance claim. For these reasons, the Defendant is entitled to summary judgment.[48]

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 9] is GRANTED.

SO ORDERED, this 26 day of April, 2018.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[48] In its Complaint, the Plaintiff also asserts a claim for attorneys' fees. O.C.G.A. § 33-4-6 provides for the imposition of an award for attorneys' fees in the event of an insurer's *bad faith* refusal to make payment under an insurance policy. However, since the Defendant's refusal was appropriate given the Plaintiff's non-compliance with the terms of the Insurance Policy, the Plaintiff's request for attorneys' fees fails.